UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH BRUCATO,<br><br>                             **Plaintiff,**<br><br>v.<br><br>BROOKLYN ELEVATOR, INC., MAINCO SERVICE CORP, 1-10 JOHN DOES, and ABC ENTITIES 1-10,<br><br>                             **Defendants.** | Civ. No. 2:25-cv-00431 (WJM)<br><br>**OPINION AND ORDER ON MOTION FOR DEFAULT JUDGMENT** |

**WILLIAM J. MARTINI, U.S.D.J.**

**IT APPEARING THAT:**

1. Before the Court is Plaintiff Ralph Brucato's motion for default judgment pursuant to Fed. R. Civ. P. 55 against one of two named defendants: Brooklyn Elevator, Inc. ("Brooklyn Elevator"). ECF No. 7. Plaintiff also names MainCo Service Corp. as a defendant in this action. *See generally* Compl., ECF No. 1. According to the complaint, Brooklyn Elevator (a New York corporation) and MainCo (a Florida corporation) share the same principal: Frank Livoti. Compl. ¶¶ 27, 42.

2. Plaintiff alleges that he entered into an employment contract with Brooklyn Elevator, under which he was employed as the Lead Director of Engineering and entitled to compensation, bonuses, commissions, and benefits as detailed in the contract. *Id.* at ¶¶ 6-7. Plaintiff further contends that, despite fulfilling his obligations under the contract, Brooklyn Elevator breached the agreement by failing to remit bonus payments and commissions, failing to award ownership interests in the company, and failing to provide agreed-upon dental insurance. *Id.* at ¶ 23. According to the complaint, on or about October 18, 2023, Brooklyn Elevator improperly terminated Plaintiff in violation of their agreement. *Id.* at ¶ 23.

3. Plaintiff now moves for the entry of default judgment against Brooklyn Elevator and seeks $100,000 in compensatory damages. ECF No. 7. Brooklyn Elevator, which has not answered the complaint, opposed the default-judgment motion on March 24, 2025 by filing a declaration from Mr. Livoti stating only that he is the

1

president of Brooklyn Elevator and that Plaintiff was "terminated for cause." Def. Opp., ECF No. 8.

4. On April 23, 2025, Plaintiff requested that the Clerk of the Court enter the default of MainCo for failure to plead or otherwise defend this action. ECF No. 10. The Clerk entered default as to MainCo on April 24. *Id.* Plaintiff has yet to file a motion for default judgment against MainCo.

5. Since MainCo appears to be a similarly situated Defendant to Brooklyn Elevator, the Court will withhold granting default judgment as to Brooklyn Elevator. *See Knights Franchise Sys., Inc. v. Forward Hotels & Dev., LLC*, No. 17-2789, 2018 WL 1734063, at *3 (D.N.J. Apr. 10, 2018) (withholding granting default judgment as to one defendant until a motion for default judgment was properly brought for all defendants). In this Circuit, it is the "preferred practice for the court to withhold granting default judgment until the action is resolved on the merits against the non-defaulting defendants" because "courts do not want to create the risk of potentially inconsistent judgments." *Id.* (cleaned up); *see also Animal Sci. Prods., Inc. v. China Nat. Metals & Mins. Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008).

6. The Court declines at this time to exercise its discretion to grant judgment in Plaintiff's favor against Brooklyn Elevator while the claims against MainCo remain viable. It will instead provisionally **DENY** Plaintiff's instant motion without prejudice until Plaintiff files the anticipated motion for default judgment against MainCo. or provides clarification as to why separate entry of judgment at this stage is appropriate.

7. **IT IS THEREFORE** on this ___12___ day of May 2025, **ORDERED** that Plaintiff's motion for default judgment against Brooklyn Elevator (ECF No. 7) is administratively terminated **without prejudice**.

_____
WILLIAM J. MARTINI, U.S.D.J.